# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: GLUCAGON-LIKE PEPTIDE-1 RECEPTOR AGONISTS (GLP-1 RAS) PRODUCTS LIABILITY LITIGATION | MDL NO. 3094<br><br>THIS DOCUMENT RELATES TO ALL CASES<br><br>JUDGE KAREN SPENCER MARSTON |
| GERRI STANDRIDGE,<br>                Plaintiff<br><br>v.<br><br>NOVO NORDISK A/S,<br>NOVO NORDISK INC.,<br><br><br>                Defendants. | COMPLAINT AND JURY DEMAND<br><br>CIVIL ACTION NO.: 2:26-cv-00168 |

## SHORT FORM COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff(s) named below, by and through the undersigned counsel, file(s) this *Short-Form Complaint and Demand for Jury Trial* against the Defendants selected below. Plaintiff(s) adopt(s) and incorporate(s) by reference the allegations, claims, and the relief sought in *Plaintiffs' Amended Master Long Form Complaint and Demand for Jury Trial (ECF 481) ("Master Complaint")*, and any subsequent amended versions of such Master Complaint, filed in *In Re: Glucagon-Like Peptide-1 Receptor Agonists (GLP-1 RAs) Products Liability Litigation*, MDL No. 3094 in the United States District Court for the Eastern District of Pennsylvania, as it relates to the selected Defendants and Causes of Action. Plaintiff(s) file(s) this *Short-Form Complaint* as permitted by Case Management Order ("CMO") No. 27 (ECF 503).

**IDENTIFICATION OF PARTIES**

**Plaintiff(s)**

1. Full (first, middle, and last) name of Plaintiff injured/deceased due to use of GLP-1 RA Product(s): <u>Gerri Dawn Standridge</u>.

2. If applicable, full name(s) and representative capacity of Plaintiff(s) alleging wrongful death claim: _____, as _____ of the estate of _____, deceased.

3. If applicable, full name(s) of Plaintiff(s) alleging survival claims, as permitted under state law(s): _____.

4. If applicable, full name(s) of Plaintiff(s) alleging loss of consortium or loss of services: _____.

**Defendant(s)**

5. Plaintiff(s)/Decedent's Representative is/are suing the following Defendant(s) (check all that apply):

   ✓ Novo Nordisk Inc.

   ✓ Novo Nordisk A/S

   ___ Eli Lilly and Company

   ___ Lilly USA, LLC

   ___ other(s) (identify): _____

2

## JURISDICTION AND VENUE

6. City and state of Plaintiff(s)' current residence (or in a case brought on behalf of a Decedent, Decedent's last permanent residence):

   Pottsville, AR

7. State where Plaintiff/Decedent was prescribed the GLP-1RA Product(s) at issue:

   Arkansas

8. State of Plaintiff's/Decedent's residence at time of their use of the GLP-1RA Product(s) at issue:

   Arkansas

9. City and state of Plaintiff(s)'/Decedent's residence at time of diagnosis of injury:

   Pottsville, Arkansas

10. Jurisdiction is based on:

    ✓ diversity of citizenship pursuant to 28 U.S.C. § 1332

    ___ other (plead in sufficient detail as required by applicable rules):

11. The District Court(s) where Plaintiff(s) might have otherwise filed this Short Form Complaint, absent this Court's CMO No. 14, and/or to where remand could be ordered:

    United States District Court for the Eastern District of Arkansas

12. Venue is proper in the District Court identified in Paragraph 11 because:

    ✓ a substantial part of the events and omissions giving rise to Plaintiff(s)' claims occurred there

_____   other (plead in sufficient detail as required by applicable rules): _____

_____

_____

13.   If applicable, identify the citizenship of any additional Defendant(s) named above:

_____

## PRODUCT USE

14. Plaintiff/Decedent used the following GLP-1 RA Product(s) for which claims are being asserted in this case (check all that apply):

- ✓ Ozempic (semaglutide)
- ___ Wegovy (semaglutide)
- ___ Rybelsus (oral semaglutide)
- ___ Victoza (liraglutide)
- ___ Saxenda (liraglutide)
- ___ Trulicity (dulaglutide)
- ___ Mounjaro (tirzepatide)
- ___ Zepbound (tirzepatide)
- ___ Other(s) (specify): _____

15. To the best of Plaintiff(s)' knowledge, Plaintiff/Decedent used GLP-1 RA Product(s) during the following approximate date range(s) (month(s) and year(s)) (if multiple products, specify date range(s) for each product):

Ozempic – December 2022-January 2023

**INJURIES AND DAMAGES**

16. To the best of Plaintiff(s)' knowledge, as a result of using GLP-1 RA Product(s), Plaintiff/Decedent suffered the following injuries, including their sequelae (check all that apply):

    _____ Gastroparesis

    ✓ Other gastro-intestinal injuries (specify) Severe Gastroenteritis requiring hospitalization

    _____ Ileus

    _____ Ischemic Bowel/Ischemic Colitis

    _____ Intestinal Obstruction

    _____ Necrotizing Pancreatitis

    _____ Gallbladder Injury (specify) _____

    _____ Micronutrient Deficiency

    _____ Wernicke's encephalopathy

    _____ Aspiration

    _____ Death

    _____ Additional/Other(s) (specify): _____

17. Plaintiff's/Decedent's injuries occurred in approximately (month and year)?

    January 2023

18. In addition, as a result of Plaintiff's/Decedent's use of GLP-1 RA Product(s), Plaintiff(s) suffered personal and economic injuries, pain and suffering, emotional distress, mental anguish, and the following damages (check all that apply):

    ✓    Injury to self

    ____    Injury to person represented

    ✓    Economic loss

    ____    Wrongful death

    ____    Survivorship

    ____    Loss of services

    ____    Loss of consortium

    ____    other(s) (specify): _____

## CAUSES OF ACTION

19.  In addition to adopting and incorporating by reference the Master Complaint as stated above, more specifically, Plaintiff(s) hereby adopt(s) and incorporate(s) by reference the following Causes of Action and allegations asserted in the Master Complaint (check all that apply):

    _____ Count I: Failure to Warn – Negligence

    _____ Count II: Failure to Warn – Strict Liability

    _____ Count III: Breach of Express Warranty/Failure to Conform to Representations

    _____ Count IV: Breach of Implied Warranty

    _____ Count V: Fraudulent Concealment/Fraud by Omission

    _____ Count VI: Fraudulent/Intentional Misrepresentation

    _____ Count VII: Negligent Misrepresentation/Marketing

    _____ Count VIII: Strict Product Liability Misrepresentation/Marketing

    _____ Count IX: Innocent Misrepresentation/Marketing

    ✓ Count X: Unfair Trade Practices/Consumer Protection (see below)

    _____ Count XI: Negligence

    _____ Count XII: Negligent Undertaking

    ✓ Count XIII: State Product Liability Act (see below)

    _____ Count XIV: Wrongful Death

    _____ Count XV: Loss of Consortium

    _____ Count XVI: Survival Action

    _____ Other(s) (specify, and on separate pages, plead additional facts supporting any above claim in sufficient detail as required by applicable rules):

_____

_____

20. If Plaintiff(s) is/are asserting a claim pursuant to the unfair trade practices or consumer protection statutes of any jurisdiction as identified in Count X above:*

    a. Indicate the specific statute (including subsections) under which Plaintiff(s) is/are bringing such claims:

    *See* Attachment A

    b. Identify the factual allegations supporting those claims (by subsection, if applicable):

    *See* Attachment A

*\* Plaintiffs asserting any such claims are on notice that "failure to identify [these claims] with the requisite specificity will result in the short form complaint being stricken with only one opportunity to amend." Opinion (ECF 465) at 74 n.33.*

21. If Plaintiff(s) is/are asserting a claim pursuant to the Product Liability Act ("PLA") of any jurisdiction as identified in Count XIII above:*

    a. Indicate the specific statute (including subsections) under which Plaintiff(s) is/are bringing such claims:

    <u>Arkansas Code §§ 16-116-201 — 16-116-207</u>

    b. Identify the legal theories identified in Paragraph 19 above (*e.g.*, negligent failure to warn, fraud, etc.) that are subsumed within Plaintiff(s)' PLA claim:

    <u>The legal theories identified in Paragraph 19 that are subsumed within the PLA claim are: Count 1: Failure to Warn (Negligence); County 2: Failure to Warn (Strict Liability) Count III: Breach of Express Warranty/Failure to Conform to Misrepresentations; Count IV: Breach of Implied Warranty; Count V: Fraudulent Concealment/Fraud by Omission; Count: VI: Fraudulent/Intentional Misrepresentation; Count VII: Negligent Misrepresentation/Marketing Count VIII: ;Strict Liability Misrepresentation/Marketing; Count IX: Innocent Misrepresentation/Marketing; Count XI: Negligence; and Count XII: Negligent Undertaking.</u>

    c. Identify the factual allegations supporting those claims:

10

> See Amended Master Complaint, Count I, paragraphs 606-640. See Amended Master Complaint, Count II, paragraphs 641-674. See Amended Master Case 2:25-cv-03488-KSM Document 3 Filed 12/01/25 Page 10 of 12 11 Complaint, Count III, paragraphs 675-698. See Amended Master Complaint, Count IV, paragraphs 699-720. See Amended Master Complaint, Count V, paragraphs 721-779. See Amended Master Complaint, Count VI, paragraphs 780-800. See Amended Master Complaint, Count VII, paragraphs 801-824. See Amended Master Complaint, Count VIII, paragraphs 825-848. See Amended Master Complaint, Count IX, paragraph 849. See Amended Master Complaint, Count XI, paragraphs 866-880. See Amended Master Complaint, Count XII, paragraphs 881-903.

*\* Plaintiffs asserting any such PLA claims are on notice that "failure to identify the PLA claims with the requisite specificity will result in the short form complaint being stricken with only one opportunity to amend." Opinion (ECF 465) at 76 n.35.*

22. If pre-suit notice is required by statute, did Plaintiff(s) provide some form of separate pre-suit notice to Defendant(s)? *See Attachment A*_____.  If so, attach such notice.

## RELIEF

Plaintiff(s) pray(s) for relief and judgment against Defendants of compensatory damages, punitive and/or exemplary damages, interest, costs, attorneys' fees, and such further relief as the Court deems equitable and just, and as set forth in the *Master Complaint*, as appropriate, and any additional relief to which Plaintiff(s) may be entitled.

## JURY DEMAND

Plaintiff(s) hereby demand(s) a trial by jury as to all claims triable by jury in this action.

Date: <u>January 12, 2026</u>

                                                        Respectfully submitted,

                                                        By: <u>/s/ Jason S. Goldstein</u>
                                                        Jason S. Goldstein, Esq.
                                                        PA Bar No.: 334857
                                                        Parker Waichman LLP
                                                        6 Harbor Park Drive
                                                        Port Washington, NY 11050
                                                        Phone: (516) 466-6500
                                                        jgoldstein@yourlawyer.com

                                                        *Attorneys for Plaintiff*